IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FEDERICO VILLEGAS-RIVAS, RYAN EHRLICHER, FERNANDO ANGEL, LUIS GALVAN, DANIEL CARDENAS, AND GERARDO HERNANDEZ, individually and on behalf of all others similarly situated, § § § § § § § *Plaintiffs*, § § v. § § ODEBRECHT CONSTRUCTION, INC., AND ZACHRY CONSTRUCTION CORPORATION § § § § § *Defendants*. § § § | CIVIL ACTION NO.: 4:18-cv-1181 JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

FEDERICO VILLEGAS-RIVAS, RYAN EHRLICHER, FERNANDO ANGEL, LUIS GALVAN, DANIEL CARDENAS, and GERARDO HERNANDEZ ("Plaintiffs"), individually and on behalf of all others similarly situated, file this lawsuit as a collective action against ODEBRECHT CONSTRUCTION, INC. AND ZACHRY CONSTRUCTION CORPORATION (collectively referred to herein as "Defendants") to recover unpaid overtime wages, lost wages, liquidated damages, and attorney's fees, and for cause of action would show the following:

### I. NATURE OF CLAIMS

1. This is a collective action filed under the Fair Labor Standards Act, 29 U.S.C. §201, *et*

*seq*. and 29 U.S.C. §216 ("FLSA") to correct unlawful employment practices, including Defendants' failure to abide by wage and hour laws. This collective action seeks to recover unpaid wages and other damages owed by Defendants to its current and former employees. Defendants hire employees through their individual companies and jointly through an entity referred to in Plaintiffs' employment agreements as Zachry Odebrecht Parkway Builders.

## II.   JURISDICTION AND VENUE

2.   This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.   Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because the Defendants and the Plaintiff(s) transacted business within this judicial district and a substantial part of the events or omissions giving rise to this Complaint occurred in this district. At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiffs were individually engaged in commerce and their work was essential to the Defendants' business. Specifically, Plaintiffs not only traveled on interstate highways in the performance of their duties and used interstate communications but they are involved in the construction of highways used for interstate commerce.

### III.   THE PARTIES

1. Plaintiff Villegas-Rivas is an individual residing in Travis County, Texas. Mr. Villegas-Rivas is a former employee of Defendants. Plaintiff brings his federal overtime claims on his own behalf and on behalf of all others similarly situated to file with this Court their consent to sue.

2. Plaintiff Ehrlicher is an individual residing in Texas. Mr. Ehrlicher is a former employee of Defendant. Plaintiff brings his federal overtime claims on his own behalf and on behalf of all others similarly situated to file with this Court their consent to sue.

3. Plaintiff Angel is an individual residing in Shelby County, Texas. Mr. Angel is a former employee of Defendant. Plaintiff brings his federal overtime claims on his own behalf and on behalf of all others similarly situated to file with this Court their consent to sue

4. Plaintiff Galvan is an individual residing in Travis County, Texas. Mr. Galvan is a former employee of Defendant. Plaintiff brings his federal overtime claims on his own behalf and on behalf of all others similarly situated to file with this Court their consent to sue.

5. Plaintiff Cardenas is an individual residing in Webb County, Texas. Mr. Cardenas is a former employee of Defendant. Plaintiff brings his federal overtime claims on his own behalf and on behalf of all others similarly situated to file with this Court their consent to sue.

6. Plaintiff Hernandez is an individual residing in Dallas County, Texas. Mr. Hernandez is a former employee of Defendant. Plaintiff brings his federal overtime claims on his own behalf and on behalf of all others similarly situated to file with this Court their consent to sue.

7. Odebrecht Construction is a foreign entity that is headquartered in Coral Gables, Florida and may be served with process through its registered agent, Registered Agent Solutions, Inc., 1701 Directors Blvd, Suite 300, Austin, Texas 78744.

8. Zachary Construction is a Texas based corporation that is headquartered in San Antonio, Texas and may be served with process through it registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### IV.    FACTS

9. At all times relevant to this lawsuit, Defendants were, and remain, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203, and is subject to the FLSA.

10. At all times relevant to this lawsuit, Defendants were, and remain, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203, and is subject to the FLSA.

11. Defendant, Odebrecht Construction, Inc., is a Foreign Corporation with a "group" of companies operating in the United States, primarily in the states of Texas, Florida and Louisiana, providing engineering and construction services with a primary focus on roads, bridges, airports, ports and subways.  Defendant's annual revenues far exceeded $500,000 in each of the last five years.

12. Defendant, Zachry Construction is a Texas based corporation providing construction and transportation services from highway and runway construction to maintenance of bridges and tunnels.  Defendant's annual revenues far exceeded $500,000 in each of the last five years.

13. Defendants, individually and jointly, employed Plaintiffs and other similarly situated employees at all relevant times within the meaning of the FLSA. 29 U.S.C. § 203(g).

14. In performing their duties for Defendants, Plaintiffs and other similarly situated employees were engaged in commerce or in the production of goods for commerce.

15. Plaintiffs and other similarly situated employees were employed in an enterprise engaged in commerce or in the production of goods for commerce.

16. Plaintiffs and other similarly situated employees were employed as *working* Foreman. Their primarily duties included, but were not limited to, working side-by-side with other laborers while performing manual tasks—for example, laying concrete foundation, driving concrete trucks and performing all task as instructed and necessary for the construction of the freeway project, known as "SH99 Grand Parkway" segments F-1, F-2 and G.

17. Plaintiffs and other similarly situated employees did not have any formal training, did not interview employees, were not in charge of the hiring and firing of employees, did not set or adjust employees' rate of pay and were not engaged in office and/or non-manual work.

18. Plaintiffs regularly worked many hours in excess of forty (40) hours per week for Defendants. In performing their duties, Plaintiffs routinely worked up to, and in excess of, 12-16 hours per day, six days per week.

19. Upon information and belief, other similarly situated employees also customarily and regularly worked many hours in excess of forty (40) hours per week and were paid in a fashion similar to Plaintiffs.

20. The work performed by Plaintiffs and other similarly situated employees was within Defendants' knowledge and control. Defendants set Plaintiffs and similarly situated employee's schedules, assigned work, and supervised their work.

21. Defendants required Plaintiffs and similarly situated employees to manually record their time daily, then would pay them a "fixed salary" for the first forty (40) hours of work. To "incentivize" Plaintiffs and similarly situated employees to work over fifty (50) hours a week, Plaintiffs received no pay for hours worked between forty (40) hours and fifty (50) hours. Then,

once Plaintiffs' worked over fifty (50) hours, they were paid straight time for hours worked over fifty (50) hours a week.  Notably, after Defendants terminated their "incentive program," Defendants required Plaintiffs, and similarly situated employees, to only record eight (8) hours of work per day on their time cards, although they were each working an excess of twelve (12) hours per day.

22. Plaintiffs and other similarly situated employees were entitled to overtime at one-and-one-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek. Defendants did not pay Plaintiffs and similarly situated employees one and one half times their regular rates of pay for hours worked in excess of forty (40) per week.

23. Defendants manipulated payroll records to make it appear that Plaintiffs and similarly situated employees were properly paid.  However, Plaintiffs were actually paid a flat "salary" for working the first fifty (50) hours of work; and "straight time" for hours worked over fifty (50) hours a week.  Defendants failed to accurately record and report the hourly pay rates on their payroll records and failed to properly pay Plaintiffs for hours over forty (40) hours a week. Plaintiffs know other *working* Foreman who were paid in the same way that they were paid—a flat salary rate for the first forty (40) hours and after fifty (50) hours, straight time for the additional time, without proper overtime pay.

24. Defendants' manipulation of time and payroll records violates the FLSA's record-keeping requirements, 29 U.S.C. § 211 and demonstrates Defendant's willful and intentional conduct designed to evade the requirements of the FLSA.

### V.   FIRST CAUSE OF ACTION: OVERTIME VIOLATIONS

25. Plaintiffs reassert and incorporate by reference all of the above numbered paragraphs.

26. Plaintiffs and other similarly situated employees were engaged in nonexempt manual

labor, as set forth above.

27. As non-exempt employees, Plaintiffs and other similarly situated employees were legally entitled to be paid at one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek.

28. Defendants failed to pay Plaintiffs and other similarly situated employees at one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek in violation of the FLSA 29 U.S.C. § 207.

29. As a result, Plaintiffs and other similarly situated employees did not receive the compensation they were legally entitled to receive.

30. Defendants' violations of the FLSA were committed knowingly, willfully, and/or with reckless disregard to Plaintiffs' and other similarly situated employees' rights.

31. As a result of Defendants' willful violations of the FLSA, Plaintiffs and other similarly situated employees are entitled to reimbursement of unpaid overtime, an additional equal amount as liquidated damages, and reasonable attorneys fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

## VI. SECOND CAUSE OF ACTION: FAILURE TO MAINTAIN ACCURATE RECORDS

32. Plaintiffs reassert and incorporate by reference all of the above numbered paragraphs.

33. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. §211(c); 29 C.F.R. pt 516.

34. In addition to the pay violations of the FLSA described above, Defendants also failed to keep proper time records as required by the FLSA.

## VII. COLLECTIVE ACTION ALLEGATIONS

35. Plaintiffs reassert and incorporate by reference all of the above numbered paragraphs.

36. Upon information and belief, many other similarly situated employees employed by Defendants over the last three (3) years have been victimized by Defendants' violations of the FLSA.

37. As set forth above, Plaintiffs are aware of other employees who perform similar work for Defendants.

38. These employees should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216 (b).  The class is properly identified as:

> All persons who, at any time during the three (3) years immediately preceding the filing of this lawsuit, worked at any business that was owned, operated, and/or acquired by Defendant, who were not paid overtime at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) per week.

39. Defendants' practice of not paying employees similarly situated to Plaintiffs at one-and-one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per each seven (7) day workweek is in direct violation of the FLSA.

40. As a result of Defendants' willful violations of the FLSA, the similarly situated employees are entitled to reimbursement of unpaid overtime, an additional equal amount as liquidated damages, and reasonable attorneys fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

## VIII.  JURY DEMAND

41. Plaintiffs demand a jury on all issues to be tried in this matter.  Plaintiffs have submitted the jury demand and herein submit the jury fee.

## IX.  PRAYER

42. For the reasons set forth above, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and for the following relief:

a. that the Court enter an order allowing this action to proceed as a collective action under the FLSA and directing notice to any and all similarly situated employees;

b. judgment awarding Plaintiffs and similarly situated employees all unpaid overtime wages, lost wages, liquidated damages, attorneys' fees and costs under the FLSA;

c. an award of pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

d. all such other and further relief to which Plaintiff and similarly situated employees may show themselves to be justly entitled.

Respectfully Submitted,



_____
Alfonso Kennard, Jr.
Texas Bar No.: 24036888
Southern District No: 713316
2603 Augusta Drive, Suite 1450
Houston, TX 77057
Telephone No.: (713) 742-0900
Facsimile No.: (713) 742-0951
Alfonso.Kennard@kennardlaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL FOR PLAINTIFF:**



Keenya Harrold
Texas Bar No.: 24039664
Southern District Bar No: 897938
2603 August Drive, Suite 1450
Houston, TX 77057
Telephone No.: (713) 742-0900