UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FEDERICO VILLEGAS-RIVAS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-1181 |
| | § | |
| ODEBRECHT CONSTRUCTION, INC., *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court is Defendants' Partial Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 8). Defendants Odebrecht Construction, Inc. and Zachry Construction Corporation ("Defendants") argue that Federico Villegas-Rivas, Fernando Angel, Daniel Cardenas, and Gerardo Hernandez ("Plaintiffs") have not adequately pleaded their collective action and willfulness claims. Defendants' Motion is **GRANTED in part and DENIED in part**.

## I.   **BACKGROUND**

Plaintiffs describe themselves as a group of "*working* Foremen" who were employed by Defendants on the "SH99 Grand Parkway" project. (Doc. No. 1 ¶ 16). Their jobs included "working side-by-side with other laborers while performing manual tasks—for example, laying concrete foundation, driving concrete trucks and performing all task [sic] as instructed and necessary for the construction of the freeway project." (Doc. No. 1 ¶ 16). According to Plaintiffs, they and other similarly situated employees regularly

1

worked in excess of forty hours a week. (Doc. No. 1 ¶ 18). Defendants were responsible for setting Plaintiffs' schedules and supervising their work. (Doc. No. 1 ¶ 20).

Plaintiffs allege that they were "entitled to overtime at one-and-one-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek." (Doc. No. 1 ¶ 22). However, they allege that Defendants did not pay them correctly in violation of the Fair Labor Standards Act (FLSA):

> Defendants required Plaintiffs and similarly situated employees to manually record their time daily, then would pay them a 'fixed salary' for the first forty (40) hours of work. To 'incentivize' Plaintiffs and similarly situated employees to work over fifty (50) hours a week, Plaintiffs received no pay for hours worked between forty (40) and fifty (50) hours. Then, once Plaintiffs' [sic] worked over fifty (50) hours, they were paid straight time for hours worked over fifty (50) hours a week. Notably, after Defendants terminated their 'incentive program,' Defendants required Plaintiffs, and similarly situated employees, to only record eight (8) hours of work per day on their time cards, although they were each working an excess of twelve (12) hours per day.

(Doc. No. 1 ¶ 21). According to Plaintiffs, Defendants "manipulated payroll records" to make it appear that Plaintiffs were paid properly, but actually paid them a "flat 'salary' for working the first fifty (50) hours of work; and 'straight time' for hours worked over fifty (50) hours a week." (Doc. No. 1 ¶ 23). Plaintiffs allege that this manipulation of records "demonstrates Defendant's willful and intentional conduct designed to evade the requirements of the FLSA." (Doc. No. 1 ¶ 24).

Plaintiffs also allege that they are "aware of other employees who perform similar work for Defendants" and that "many other similarly situated employees employed by

Defendants over the last three (3) years have been victimized by Defendants' violations of the FLSA." (Doc. No. 1 ¶¶ 36-37). In their Complaint, Plaintiffs define their proposed class as:

> All persons who, at any time during the three (3) years immediately preceding the filing of this lawsuit, worked at any business that was owned, operated, and/or acquired by Defendant, who were not paid overtime at a rate of one and one-half times their regular rate of hours worked in excess of forty (40) per week.

(Doc. No. 1 ¶ 38).

Defendants move to dismiss Plaintiffs' collective action and willfulness allegations for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 8). After Defendants filed this Motion, Plaintiffs filed a motion for conditional class certification that redefines the class. (Doc. No. 21). This Order concerns only Defendants' Motion to Dismiss.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. ANALYSIS

3

## A. Collective Action Allegations

The FLSA requires employers to pay nonexempt employees who work more than forty hours a week one and one-half times that employee's regular rate of pay. 29 U.S.C. § 207(a)(1). Under the FLSA, an action "may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

Defendants argue that Plaintiffs' collective action allegations are inadequate under Federal Rule of Civil Procedure 8. In particular, Defendants argue that although Plaintiffs provided specific allegations for their individual FLSA claims, Plaintiffs' defined class is too broad and "is not based or limited, in any way, on those factual allegations." (Doc. No. 8 at 4). Plaintiffs respond that their Complaint "gives fair notice of their collective action claims." (Doc. No. 22). In their response, Plaintiffs rely heavily on *Hoffman v. Cemex, Inc.*, No. H-09-3144, 2009 WL 4825224 (S.D. Tex. Dec. 8, 2009). In that case, the court decided that conclusory allegations are adequate at the motion to dismiss stage in a collective action FLSA case: "With respect to the collective action issue, the plaintiffs need not plead facts to support the propriety of a collective action to survive a Rule 12(b)(6) motion. Whether proceeding collectively is appropriate will be addressed when the plaintiffs move for conditional certification." *Id.* at *4; *see also Lang v.*

*DirecTV, Inc.*, 735 F. Supp. 2d 421, 436 (E.D. La. 2010) ("This case has not yet reached the first, conditional certification stage of the process outlined in *Lusardi*. Plaintiffs have not moved for certification . . . . The Court finds that defendants' motion to dismiss is premature because plaintiffs have not moved for certification and have had no opportunity to develop a record.").

However, "a majority of courts have found that a 12(b)(6) analysis of class allegations is appropriate" because "Rule 12(b)(6) requires that a plaintiff give the defendant fair notice of the putative class, which is a much different inquiry than that at the conditional class certification stage." *Huchingson v. Rao*, No. 5:14-cv-1118, 2015 WL 1655113, at *3 (W.D. Tex. April 14, 2015); *see also Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 934 (N.D. Tex. 2014). The Court agrees with the weight of these other authorities; Plaintiffs' collective action allegations are subject to Rule 12(b)(6) analysis here.

Plaintiffs have provided very few details about their proposed class. In particular, Plaintiffs have not made any allegations whatsoever about the job duties or titles of the members of the class so that the Court can evaluate whether the members of the class are indeed similarly situated to Plaintiffs. Although Plaintiffs provide some information about their own job duties in the Complaint, they do not refer to these jobs in their class definition. (Doc. No. 1 ¶ 16). Plaintiffs merely state that the class is "[a]ll persons who at any time during the three (3) years immediately preceding the filing of this lawsuit, worked at any business that was owned, operated, and/or acquired by Defendant." (Doc.

No. 1 ¶ 38). Nor do Plaintiffs provide any information about the way in which the proposed class members were paid. There are no allegations about whether they were hourly or salaried workers or whether they were subjected to the pay practices that Plaintiffs describe elsewhere in their Complaint.

Plaintiffs' failure to allege facts explaining how the proposed class members are similarly situated to them means that they have failed to state a collective action claim. Many other courts have reached the same conclusion. Indeed, the court in *Flores v. Act Event Services, Inc.*, 55 F. Supp. 3d 928, 940 (N.D. Tex. 2014) granted a motion to dismiss a complaint with a very similar class definition. In that case, the plaintiffs' class definition was "a nationwide class of all persons who worked or work for Defendants and who were/are subject to Defendants' unlawful pay practices and policies." *Id.* The court found that this definition did not give the defendant adequate notice of the putative class:

> This allegation provides the defendants with notice that any employee from the past three years, regardless of job description, is a potential collective action plaintiff. . . [T]he court concludes this broadly defined class fails to provide the defendants with *fair* notice. . . . The plaintiffs should have used [their own job duties as described in their complaint] to assist in defining a more specific putative class. It is not defendants' responsibility to define the putative class by piecing together factual allegations strewn throughout a complaint; rather, fair notice requires the plaintiffs to clearly define the putative collective class. Moreover, in this case, if the defendants crafted a narrower class by referencing factual allegations in the complaint, this class would directly conflict with the broad putative class specifically defined in the text of the complaint. Thus, the court concludes such inexact and broad notice is insufficient to withstand a Rule 12(b)(6) motion.

*Id*; *see also Tillman v. Louisiana Children's Med. Ctr.*, No. 16-14291, 2017 WL 1399619, at *2 (E.D. La. Apr. 19, 2017) (deciding that the plaintiff's defined class of people who worked for the defendant and whose hourly wage was reduced for a meal break was inadequate because the complaint "does not specifically identify any potential class members, describe the positions they held or work they performed, or identify how they are similarly situated to Plaintiff."); *Dyer v. Lara's Trucks, Inc.*, No. 1:12-cv-1785-TWT, 2013 WL 609307, at *4 (N.D. Ga. Feb. 19, 2013) (finding the plaintiff's class of employees "similarly situated in terms of job duties, pay, and compensation" inadequate); *Pickering v. Lorillard Tobacco Co., Inc.*, No. 2:10-cv-633-WKW[WO], 2011 WL 111730, at *2-*3 (M.D. Ala. Jan. 13, 2011) ("[T]here is no description of the job duties (or even the job titles) of the proposed similarly situated employees in the Complaint. . . . Nor are there any allegations concerning the similarly situated employees' pay provisions. . . . [T]he Complaint contains no factual basis by which to assess whether Plaintiff and the other employees are similarly situated."). Therefore, because Plaintiffs' Complaint fails to give Defendants fair notice of their putative class, the Court **GRANTS** Defendants' motion to dismiss Plaintiffs' collective action allegations.

B. *Willfulness Allegations*

An employer acts willfully under the FLSA if it "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Defendants argue that Plaintiffs have not pleaded adequate facts to support their willfulness claim because the

7

Complaint "does not provide *any* specific facts to support their claim that Defendants' actions were 'knowingly, willfully, and/or with reckless disregard' to the putative class members' rights." (Doc. No. 8 at 18).

Defendants correctly argue that allegations of willfulness under the FLSA are subject to Rule 12(b)(6) motions and that mere allegations that an employer acted willfully without any additional information are inadequate. *See, e.g.*, *Irvin v. Masters Advanced Remediation Servs., Inc.*, No. H-16-2488, 2016 WL 7406750, at *3 (S.D. Tex. 2016) ("Irvin has not pleaded any facts that give rise to an inference of, or show, a willful violation of the FLSA. He merely states that Masters Advanced Remediation acted willfully.").

However, unlike the plaintiffs in the cases that Defendants cite, here Plaintiffs have not made only a bare allegation or conclusory statement that Defendants acted willfully. In Plaintiffs' Complaint, they allege that "Defendants' manipulation of time and payroll records . . . demonstrates Defendant's [sic] willful and intentional conduct designed to evade the requirements of the FLSA." (Doc. No. 1 ¶ 24). According to Plaintiffs, "after Defendants terminated their 'incentive program' Defendants required Plaintiffs, and similarly situated employees, to only record eight (8) hours of work per day on their time cards, although they were each working an [sic] excess of twelve (12) hours per day." (Doc. No. 1 ¶ 21).

This allegation supports an inference that Defendants acted willfully. If Defendants did not correctly pay overtime and then attempted to hide it by altering their

records of Plaintiffs' hours and pay rates, one could reasonably infer that Defendants "knew [their] pay structure violated the FLSA" and sought to avoid liability. *Zannikos v. Oil Inspections (U.S.A.), Inc.*, 605 F. App'x 349, 360 (5th Cir. 2015); *see, e.g., Elwell v. Univ. Hospitals Home Care Servs.*, 276 F.3d 382, 844 (6th Cir. 2002) ("[A]n employer's recordkeeping practices may . . . corroborate an employee's claims that the employer acted willfully in failing to compensate for overtime. For example, the fact that an employer knowingly under-reported its employee's work hours could suggest to a jury that the employer was attempting to conceal its failure to pay overtime from regulators, or was acting to eliminate evidence that might be later used against it in a suit by one of its employees." (internal citation omitted)); *Solano v. Ali Baba Mediterranean Grill, Inc.*, No. 3:15-cv-0555-G, 2016 WL 808815, at *5-*6 (N.D. Tex. March 2, 2016) (noting that "failure to keep accurate or complete records of employment" can give rise to an inference of willfulness and citing cases). At the motion to dismiss stage, this allegation is adequate to support Plaintiffs' willfulness claim. Defendants' motion to dismiss Plaintiffs' willfulness claim is therefore **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss as to Plaintiffs' collective action claim and **DENIES** the Motion as to Plaintiffs' willfulness claim.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 10th day of October, 2018.

_____
HON. KEITH P. ELLISON
UNITED STATES DISTRICT COURT JUDGE