IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FEDERICO VILLEGAS-RIVAS, FERNANDO ANGEL, DANIEL CARDENAS, AND GERARDO HERNANDEZ,  *Plaintiffs*,  v.  ODEBRECHT CONSTRUCTION, INC., AND ZACHRY CONSTRUCTION CORPORATION  *Defendants*. | CIVIL ACTION NO.: 4:18-cv-1181  JURY DEMANDED |

## CORRECTED AMENDED MOTION TO APPROVE SETTLEMENT

Plaintiffs Federico Villegas-Rivas, Fernando Angel, Daniel Cardenas, and Gerardo Hernandez (together "Plaintiff's"), and Odebrecht Construction, Inc. ("OCI") and Zachry Construction Corporation (together "Defendants"), move jointly for approval of their settlement and to dismiss this case with prejudice. In support of their Amended Joint Motion, the Parties show the Court as follows:

**I.     NATURE AND STATE OF THE PROCEEDINGS**

1. On April 13, 2018, Plaintiffs filed the above-captioned lawsuit against Defendants, which is currently pending before the United States District Court of the Southern District of Texas, Houston Division ("Lawsuit"), alleging that Defendants improperly classified them as exempt employees and thus willfully required them and other similarly situated employees to work hours in excess of forty hours per work week without proper compensation for all hours worked. Additionally, Plaintiffs allege that Defendants failed to maintain accurate records of hours worked by Plaintiffs and other similarly situated employees in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA").  (Rec. Doc. 1).

2. In reaching a settlement in the cause of action before this Court, Defendants denied and continue to deny all liability to Plaintiffs allegations.

3. Defendants subsequently filed its Motion to Dismiss regarding willfulness and Plaintiffs collective action claims. ("Motion") on June 12, 2018. (Rec. Doc. 8).

4. On June 22, 2018, Plaintiffs filed their motion to certify class of all similarly situated employees affected by Defendants compensation scheme. (Rec. Doc. 21). On July 13, 2018, Defendants filed a response in opposition to Plaintiffs motion for certification. (Rec. Doc. 29).

5. After Defendants filed its Motion to Dismiss, Plaintiffs filed their Motion for Conditional Certification on June 22, 2018. (Rec. Doc. 21).

6. On October 10, 2018, this Court issued an order granting Defendants' Motion to Dismiss as to Plaintiffs' collective action claim and denied the Motion to Dismiss as to Plaintiffs' willfulness claim.

7. Based on the discovery herein and the cost, expense, and inconvenience of continued litigation, Plaintiffs and Defendants have engaged in meaningful settlement negotiations over the course of several months.

8. As a result of these negotiations, Plaintiffs and Defendants entered into a confidential settlement agreement. Plaintiffs entered in to that agreement voluntarily and knowingly and understand fully the meaning and effects of their action in executing the agreement. Each of the Plaintiffs was notified of the terms of the agreement and was informed of the amount he would receive under the agreement. Plaintiffs and Defendants agree that all terms of the agreement are fair and reasonable and have no objections to the agreement.

9. Under the terms of the agreement, Plaintiffs' counsel will receive a reasonable attorneys' fee.

10. The agreement was reached in order to compromise, settle, and resolve bona fide disputes between Plaintiffs and Defendants, including, but not limited to, whether Defendants' pay practices violated the FLSA; whether any violations of the FLSA were willful; and how damages, if any, to Plaintiffs should be calculated. Therefore, the agreement resolves all of Plaintiffs' claims for damages under the FLSA, including unpaid wages, liquidated damages, attorneys' fees, and costs.

## II.   Terms of the Proposed Settlement

### A.  Alleged Damages

Plaintiffs last worked at Defendant OCI more than two years prior to the Complaint being filed. Thus, absent a willful violation, their claims are entirely untimely. Moreover, during that third year, no Plaintiff worked a full year, and all were paid a substantial salary for all hours worked. In addition, during much of that time, Plaintiffs also received additional compensation for hours worked over 50 in a work week.

While disputing that any overtime is due Plaintiffs, Defendants calculated alleged overtime to total less than $4,000 for all Plaintiffs. Defendants used a half-time rate (based on fluctuating work week) and an offset for the additional money paid over their salaries. Plaintiffs used the same method but did not agree with the offset, placing their calculations at less than $40,000 for all Plaintiffs. The settlement compromised between those calculations, but the Parties agreed to keep the actual settlement amount confidential.

### B. Release of Claims

In exchange, the Plaintiffs have agreed to dismiss the case, with prejudice. They have also agreed to waive and release Defendants from all claims under the FLSA up to the period the Settlement Agreement is executed.

### III.   The Parties' Request This Court to Approve the Settlement

The Parties have reached a settlement agreement. The settlement fairly and reasonably resolves the Parties' claims and defenses, was negotiated at arms'-length between counsel for all parties, and the Court should enter an order approving the settlement accordingly.

### A. Standard for Approval of Settlement of FLSA Action

In the context of an FLSA action under Section 216(b), plaintiffs may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

In reviewing a settlement of a private FLSA claim, the court must scrutinize the proposed settlement for fairness and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355; *see also Alaniz v. Maxum Petroleum Operating Co.*, 2016 WL 6462206 (W.D. Tex. Oct. 31, 2016). When an agreed to settlement agreement shows a reasonable compromise over issues that are in dispute, the court should "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. In addition to judgments awarded to plaintiffs, a presiding court allows a reasonable attorneys' fee to be paid by the defendant, and costs for the action. 29 U.S.C. §216(b).

### B. A Bona Fide Dispute Exists Over Liability and Damages

In reviewing the settlement of plaintiffs' FLSA claims, the district court must "ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Rotuna v. W. Customer Mgmt. Grp.*, No. 09-1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010).

A *bona fide* dispute exists in the matter before this Court. Plaintiffs, as in the previous case brought against Defendants *with the same counsel and Parties*[1], claim that they were misclassified based on their duties as foremen, and therefore contend that they are entitled to overtime under the FLSA. Defendants specifically deny these claims and deny that Plaintiffs are owed overtime under the FLSA. Defendants contend that Plaintiffs were not misclassified because of their duties as foremen. Further, Defendants contend that Plaintiff would be unable to show a willful violation of the FLSA (and thus any damages at all). All parties faced litigation risks in this case. Plaintiffs bore the risks of engaging in litigation and discovery, including depositions of the Plaintiffs with the risk of failing to receive any compensation. Defendants bore the risk of going through expensive litigation and being found liable for a willful violation of the FLSA.

Despite all Parties' belief in the merits of their respective claims and arguments, given the time and expense associated with litigation and discovery, and the uncertainty of summary judgment motion practice and trial, the Parties have agreed that a compromise is in their best interest and appropriate at this stage of the litigation considering this Court's order denying a collective action.

### C.  The Settlement is Fair and Reasonable

The settlement achieved resolves a bona fide dispute between the Parties, and is fair and reasonable, and therefore, should be approved. The proposed settlement arises out of an action for alleged unpaid overtime brought by Plaintiffs against their employer. While the amount that each Plaintiff will receive is the same, this is a fair recovery considering the denial of the collective action and burden of showing a willful violation of the FLSA.

---

[1] *Robert White, Jr, et al. v. Odebrecht Construction Inc.*, Civ. Action. No. 4:15-cv-02947 (S.D. Tex. 2017).

Additionally, no collusion occurred between counsel. *See Shneider v. Goodyear Tire & Rubber Co.*, No. 13-2741, 2014 WL 2579637, at *2 (N.D. Ohio June 9, 2005). This settlement, rather, was reached as a result of an arms-length negotiation between the Parties through experienced attorneys.

Further, during the litigation and settlement of this action, Plaintiffs were represented by counsel experienced in handling wage and hour collective actions. Plaintiffs' counsel has the experience to assess the risks of continued litigation and benefits of settlement and have done so in this action. Plaintiffs' counsel has a long-standing multi-jurisdictional practice representing employees with claims against employers similar to the claims asserted in this case. Defense counsel is likewise experienced in defending similar claims. Both Parties' counsel was involved in settling matters with same parties in a previous litigation. *Robert White, Jr, et al. v. Odebrecht Construction Inc.*, Civ. Action. No. 4:15-cv-02947 (S.D. Tex. 2017). Counsel for all parties have advised their respective clients regarding the settlement.

In representing the Parties, the proceedings have advanced to a stage sufficient to permit the Parties and their experienced counsel to collect, obtain, and review evidence, evaluate their claims and defenses, understand the scope of potential damages, and engage in negotiations with the mutual understanding that continuing toward formal discovery and motion practice would be a difficult, costly, and uncertain undertaking.

Without question, if the case before this Court did not settle, the Parties would have spent significant time and resources completing written and deposition discovery, including depositions of the Plaintiffs, and Defendants' upper management witnesses. Similarly, if this case had not settled, the Parties would have spent significant time briefing and drafting dispositive motions. After the resolution of dispositive motions, the Parties may have faced the prospect of an

expensive, lengthy jury trial as well as likely appeals and post-trial motions. Rather than take this path, the Parties directed their efforts toward an early, informed, efficient resolution of Plaintiffs' claims. The settlement eliminates the inherent risks both Parties would bear if this case were to continue. Under these circumstances, the settlement is fair, reasonable, and adequate for Plaintiffs, and the Court should approve it.

### IV. Plaintiffs' Counsel's Requested Attorneys' Fees and Costs Are Reasonable and Should be Fully Awarded.

Defendant has agreed to pay to Plaintiffs' counsel reasonable attorneys' fees, litigation expenses, and costs. In the Fifth Circuit, the lodestar method is used to analyze fee applications. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). Under the lodestar method, "the number of hours reasonably spent on the case [is multiplied] by an appropriate hourly rate in the community for such work." *Id.* The reasonable hourly rate is based on the "prevailing market rate for similar services by similarly trained and experienced lawyers in the relevant legal community…" *Villegas v. Regions Bank,* No. CIV. A H-11-904, 2013 WL 76719, at *3 (S.D. Tex. Jan. 4, 2013) (citing *Tollet v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)). Applicants for fees bear the burden of demonstrating the hours they have billed are reasonable, and thus are charged with "properly documenting the hours spent and [submitting] competent evidence of those hours." *Rouse v. Target Corp.* 181 F. Supp. 3d 379, 387 (S.D. Tex. 2016) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433(1983)); *see also Prater v. Commerce Equities Mgmt.*, No. CIV. A. H-07-2349, 2008 WL 5140045, at *2 (S.D. Tex. Dec. 8, 2008).

After applying the lodestar analysis, courts evaluate the factors set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974) to determine whether an upward or downward adjustment is appropriate. *Roussel v. Brinker Int'l, Inc.,* No. CIV.A.H-05-3733, 2010 WL 1881898, at *3 (S.D. Tex. Jan. 13, 2010) (Ellison, J.), *aff'd sub nom. Roussell*

*v. Brinker Int'l, Inc.,* 441 F. App'x 222 (5th Cir. 2011). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Roussel,* 2010 WL 1881898, at *3 n.l (citing Johnson, 488 F.2d at 717-19). The core issue that both the lodestar method and the *Johnson* factors are designed to address is "the reasonableness of [the applicant's] fee request at the time the work was performed." *Roussel,* 2010 WL 1881898, at *6.

In this case, the proposed attorney fee is appropriate under the lodestar method and when the *Johnson* factors are applied. The amount paid is proportional to that paid to Plaintiffs and not excessive.

## V. Conclusion

This FLSA action settlement is a product of arms-length negotiation between counsel, which resolves a *bona fide* dispute over overtime and minimum wages. The settlement is fair and reasonable and provides Plaintiffs with monetary relief greater than Defendants' calculations even assuming liability, which Defendants deny. Accordingly, the Parties jointly and respectfully request that this Court approve the Parties' settlement agreement and the distribution of the settlement amount to Plaintiffs as described above. Further, Plaintiffs'

Counsel requests that this Court award as reasonable the attorneys' fees and litigation costs in the amount requested. Finally, the Parties jointly request that this action be dismissed with prejudice.

Respectfully Submitted,

By: _____
Alfonso Kennard, Jr.
Texas State Bar No. 24036888
2603 Augusta Drive, 1450
Houston Texas 77057
Main: 713.742.0900
Fax: 713.742.0951
Email Alfonso.Kennard@KennardLaw.com
**ATTORNEY IN CHARGE FOR PLAINTIFFS**

**OF COUNSEL FOR PLAINTIFFS:**

Yanice Colon-Pol
Texas Bar No.: 24104276
Southern District Bar No.: 3136493
2603 August Drive, Suite 1450
Houston, TX  77057
Yanice.Colon@kennardlaw.com
2603 Augusta Drive, 1450
Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to counsel of record for Defendants via the Court's ECF system.

_____
Alfonso Kennard, Jr.